UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCB DIVERSIFIED MUNICIPAL PORTFOLIO, ET AL. | CIVIL ACTION |
| VERSUS | NO. 09-7351 |
| CREWS & ASSOCIATES, ET AL. | SECTION "N" (4) |

## ORDER AND REASONS

Before the Court is the " **Motion for Summary Judgment**" (Rec. Doc. 186), filed by Defendant Breazeale, Sachse & Wilson ("BSW").  This motion is opposed by Plaintiffs, SCB Diversified Municipal Portfolio, Short Duration New York Municipal Portfolio and Short Duration California Municipal Portfolio ("Plaintiffs").  (*See* Rec. Doc. 203).  After considering the memoranda filed by the parties, including BSW's Reply (Rec. Doc. 220), the Court rules as set forth herein.

I.   BACKGROUND

On November 1, 2006, defendant Coves of the Highland Community Development District (the "District) and MGD Partners ("MGD") entered into a Development agreement to begin development of The Coves of the Highland (the "Project"), a planned residential

community located in Tangipahoa Parish, Louisiana.  In March of 2006, MGD purchased 324 acres of real property (the "Property") at the site of the Project.

In an effort to fund certain infrastructure improvements for the Project, the District issued $7,695,000 in bonds titled "Coves of the Highland Community Development District, Parish of Tangipahoa, State of Louisiana Special Assessment Bonds, Series 2006" (the "Bonds").  Defendant Crews and Associates ("Crews") was the underwriter of the Bonds and purchased the Bonds from the District.  The Bonds were thereafter offered for re-purchase to Plaintiffs in November of 2006 through a "Preliminary Limited Offering Memorandum" ("PLOM"), and a final "Limited Offering Memorandum" ("LOM") dated November 8, 2006.  The PLOM and LOM were drafted by Crews, the District, and defendant BSW, as attorney for Crews.  Plaintiffs thereafter purchased the entire face amount of the Bonds.  The formal closing with Plaintiffs occurred on November 16, 2006.  In connection with the closing, BSW issued an opinion letter to Crews stating that the PLOM and LOM did not contain any misrepresentations or omissions of facts.

On March 9, 2009 and after development of the Project had commenced, the U.S. Army Corps of Engineers ("Corps") published a Public Notice (the "Notice") in the local Hammond newspaper entitled "Request for Information about the Former Hammond Bombing and Gunnery Range" ("HBGR").  In the Notice, the Corps announced that it had completed its Site Inspection at the HBGR and that a Draft Site Inspection Report dated December 12, 2008 had been placed in the Hammond Public Library for public reference.  According to Plaintiffs, this Draft Site Inspection Report dated December 12, 2008 was the earliest public disclosure of this information.

The Notice revealed, among other things, that the Corps used portions of the Property from 1942 until September 1945 to provide gunnery, rocket and bombing practice for pilots. The Corps' inspection report noted the potential for unexploded ordnance ("UXO") and munitions and explosives of concern ("MEC") on the HBGR.

On April 23, 2009, the Tangipahoa Parish Engineer notified MGD that no further building permits or approvals would be issued by the Parish until the risk of UXO and MEC contamination had been fully investigated and remediated. As such, development of the Project has ceased, no permits or approvals are being issued, and lots on the Property are unable to be sold.

The District defaulted on the Bonds and Plaintiffs filed the instant suit on November 16, 2009. Plaintiffs seek to recover damages against BSW for negligent misrepresentation for (1) failing to reveal relevant facts relating to the proximity of the HBGR to the Project; (2) failing to reveal that a Phase I Environmental Site Assessment had not been conducted on the property; (3) drafting the PLOM and LOM which allegedly contained misleading statements regarding a Phase I Environmental Site Assessment;" and (4) issuing an opinion letter to Crews which states that the PLOM and LOM did not contain misrepresentations or omissions of facts.

## II.  ARGUMENTS OF THE PARTIES

BSW contends that it is entitled to summary judgment because Plaintiffs cannot prove (1) that BSW knew that the Project was on the former site of the HBGR before the bond issuance; (2) that BSW knew that a Phase I Environmental Site Assessment had not been performed; (3) that BSW knew of the existence of any other material fact that should have been disclosed, but

was not; (4) that BSW owed a duty to Plaintiffs; (4) that Plaintiff's justifiably relied on any statement from BSW; and (5) that BSW made a misrepresentation that caused Plaintiffs' damages. (Rec. Doc. 186-1, pp. 2-3). In addition, BSW argues that even if Plaintiffs were able to prove these things, it would still be entitled to summary judgment because Plaintiffs' claims are perempted. (Rec. Doc. 186-1, p. 23).

On the other hand, Plaintiffs argue that (1) BSW had actual knowledge of the lack of a Phase I Environmental Site Assessment, but failed to disclose this in the PLOM or LOM; (2) BSW made a false statement when it issued an Opinion Letter stating that the LOM did not contain any untrue statement or omit any material fact; and (3) BSW supplied false information when it drafted the PLOM and LOM which contained a reference to a Phase I Environmental Site Assessment when none had been conducted. (Rec. Doc. 1, pp. 11-12). Plaintiffs further assert that their claims are not time-barred because the Plaintiffs were not damaged when they first purchased the bonds on November 16, 2006, but rather that their damages materialized in April 2009 when Tangipahoa Parish refused to issue permits for the Project. (Rec. Doc. 203, pp. 16-17).

## III.   DISCUSSION

### A.   Legal Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The

materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*citations omitted*). The Court will not, "in the absence of any proof, assume that

the nonmoving party could or would prove the necessary facts." *See id.* (*emphasis omitted*) (*citing Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

### B.     Analysis

In order to establish a prima facie claim for negligent misrepresentation, Plaintiffs must demonstrate that (1) BSW had a legal duty to supply correct information to Plaintiffs; (2) BSW breached this duty; and (3) Plaintiffs were damaged as a result of justifiable reliance on BSW's

6

misrepresentations.  *Kadlec Medical Center v. Lakeview Anesthesia Associates*, 527 F.3d 412, 418 (5th Cir. 2008) (*citing Brown v. Forest Oil Corp.*, 29 F.3d 966, 969 (5th Cir. 1994); *In re Ward*, 894 F.2d 771,776 (5th Cir. 1990); *Pastor v. Lafayette Bldg. Ass'n*, 567 So.2d 793, 796 (La. App. 3 Cir. 1990); *Cypress Oilfield Contractors, Inc. V. McGoldrick Oil Co.*, 525 So.2d 1157, 1162 (La. App. 3 Cir. 1988)).

Here, even assuming BSW had a duty of disclosure and breached it, Plaintiffs have failed to come forward with sufficient evidence to demonstrate justifiable reliance on any alleged misrepresentation made by BSW.  Plaintiffs' negligent misrepresentation claim focuses on the PLOM and the November 16, 2006 opinion letter written by BSW and addressed to Crews. (Exhibit F to Rec. Doc. 186; Exhibit O to Rec. Doc. 186).  The PLOM contains one reference to a Phase I Environmental Site Assessment: "The information provided under the captions 'The Development,' 'Development Status,' 'The Builder,' 'Commercial Development,' 'Construction Timeline,' 'Land Uses within the District,' 'Projeted Absorption,' 'Utilities,' '**Phase I Environmental Site Assessment**,' and 'Property Taxes' has been provided by the Developer and by Bodin and Webb, Inc."  (Exhibit F to Rec. Doc. 186, pp. CREWS 99 (emphasis added)).  This reference to a "Phase I Environmental Site Assessment" clearly refers the reader to a later section with that title, but no such section exists. Bill Oliver, the financial analyst for Plaintiffs who read the PLOM, failed to notice that the caption "Phase I Site Assessment" was missing from the document.  (Exhibit B to Rec. Doc. 186, p. 169).  As Mr. Oliver failed to notice this discrepancy and as he was the only representative of the Plaintiffs who read the PLOM, Plaintiffs cannot

claim reliance on this alleged misrepresentation by BSW.[1]  Plaintiffs essentially argue that Mr. Oliver interpreted the statement "the information under the missing caption[] . . . 'Phase I Environmental Site Assessment,' . . . was provided by the developer and Bodin and Webb" to mean that a Phase I Environmental Site Assessment had been performed on the Property and relied upon that statement in making the decision to purchase the Bonds.  (Exhibit F to Rec. Doc. 186, pp. CREWS 99; *See* Rec. Doc. 203, pp. 3-4).  This argument is untenable and could not lead any rational trier of fact to find for Plaintiffs.[2]  *See Smith*, 298 F.3d at 440.  Plaintiffs have presented no evidence of reliance on any allegedly misleading statement in the PLOM.

        Plaintiffs further argue that BSW made misrepresentations in a November 16, 2006 opinion letter, which stated that the PLOM did not contain any misrepresentation or omission of material fact.  (Exhibit O to Rec. Doc. 186, p. 2).  Again, even assuming BSW had a duty of disclosure to Plaintiffs and breached this duty by making misrepresentations or omitting material facts in this opinion letter, Plaintiffs have not presented any evidence tending to show justifiable reliance on the letter.  In fact, Mr. Oliver testified in his deposition that Plaintiffs did not rely on the opinion letter in purchasing the Coves Bonds.  (Exhibit B to Rec. Doc. 86, p. 161).  As Plaintiffs cannot demonstrate justifiable reliance on the alleged misrepresentations of BSW, their

---

[1] Mr. Oliver testified at his deposition that neither Fred Cohen nor Guy Davidson, other employees of the Plaintiffs who dealt with the Bond issuance, read the PLOM or the LOM. (Exhibit B to Rec. Doc. 186, p. 117).  Mr. Oliver testified that no one connected to Plaintiffs read the LOM or the PLOM before the Bond purchase.  (Exhibit B to Rec. Doc. 186, pp. 117, 118) Plaintiffs have not presented any evidence tending to show that any employee or representative other than Mr. Oliver read the PLOM or LOM.

[2] Even accepting that Mr. Oliver saw the title, he clearly did not read and rely on the substance of any assessment, as none was included for him to review.  Blind "reliance" on a nondescript title, with no indication of the substance of such assessment, can hardly create liability.

negligent misrepresentation claim must fail. *National American Ins. Co. v. Melancon*, 1999 WL 675421 at *3-5 (E.D. La. 1999).

## IV.   CONCLUSION

Considering the foregoing, **IT IS ORDERED** that BSW's **"Motion for Summary Judgment" (Rec. Doc. 186)** is **GRANTED**.

New Orleans, Louisiana, this 9th day of December 2011.

						_____
						**KURT D. ENGELHARDT**
						**United States District Judge**