# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCB DIVERSIFIED MUNICIPAL PORTFOLIO, ET AL. | CIVIL ACTION |
| VERSUS | NO: 09-7351 |
| CREWS & ASSOCIATES, INC., ET AL. | SECTION: "N" (4) |

## ORDER

Before the Court is Defendant Crews & Associates, Inc.'s ("Crews") **Motion to Compel (R. Doc. 238)**, seeking an order from this Court compelling Plaintiffs SCB Diversified Municipal Portfolio, SCB California Municipal Portfolio, Short Duration New York Municipal Portfolio, and Short Duration California Municipal Portfolio ("SCB") to fully respond to Crews' third and fourth discovery requests. Crews also seeks attorney's fees and costs. SCB opposes the motion and seeks attorney's fees. (R. Doc. 258.) The motion was heard with oral argument on Friday, December 16, 2011 via a telephone conference.

### I.     Factual Background

SCB's lawsuit is the result of a $7,695,000.00 bond issuance for a residential subdivision which failed due to its location on a former bombing, rocket, and gunnery range. The Coves of the Highland Community Development District (the "District") is a political subdivision and community development district, established for the purpose of financing and managing The Coves of the Highland (the "Project"), a planned residential community. (R. Doc. 40, ¶ 5.) In March 2006, MGD

Partners, L.L.C. ("MGD"), a Louisiana developer, purchased approximately 324 acres of real property in Tangipahoa Parish, Louisiana, for development of the Project. (R. Doc. 40, ¶ 6.)

The District retained Crews to underwrite the bond transaction. (R. Doc. 40, ¶ 12.) Crews then hired Defendant Breazeale, Sachse & Wilson, L.L.P. ("Breazeale") to serve as its counsel in the bond transaction. (R. Doc. 40, ¶ 13.) Crews and Breazeale, among others, later drafted a "Limited Offering Memorandum" ("LOM"), a prospectus for the Project bonds that SCB purchased. (R. Doc. 40, ¶¶ 11, 14, 16.)

On March 9, 2009, the U.S. Army Corps of Engineers (the "Corps") issued a public notice in which it revealed that the Project property had been used as a bombing, rocket, and gunnery range, and was the subject of an active investigation by the Corps. (R. Doc. 40, ¶¶ 155-160.) On April 23, 2009, the Tangipahoa Parish Engineer notified MGD that no further permits or approvals would be issued by the Parish for the development of the Project until the risk of unexploded ordinance and contamination had been fully investigated and remediated. (R. Doc. 40, ¶ 161.) As a result, the District has been unable to further develop the property or sell lots, and thus has defaulted on the Project bonds. (R. Doc. 40, ¶ 162). SCB subsequently filed suit against several of the parties involved in the bond issuance, including Crews.

As to the instant motion, Crews seeks an order from this Court compelling SCB to fully respond to Crews' third and fourth discovery requests. Crews specifically requests that SCB be compelled to (1) respond to Interrogatory Number 24 and Request for Production Number 21 from its Fourth Set of Requests for Admission, Interrogatories and Requests for Production of Documents; (2) provide Crews with an original copy and all amended copies of analyst William "Bill" Oliver's internal research report; and (3) provide copies of un-redacted versions of non-

privileged documents that have already been produced to Crews. SCB opposes the motion and seeks attorney's fees.

## II. Standard of Review

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C)(iii).

**III.    Analysis**

    **A.    Interrogatory Number 24 and Request for Production Number 21**

Interrogatory Number 24 states:

For each series of bonds identified in response to Interrogatory No. 23, please state whether you were provided a copy of the results of a Phase I environmental Site assessment prior to purchasing the bonds.[1]

Request for Production Number 21 requests "a copy of all documents you reviewed or relied on to answer Interrogatory No. 24." SCB objected to Interrogatory Number 24 and Request for Production Number 21 on the grounds that the requests are unduly broad in scope and unduly burdensome. SCB further responded that Crews could obtain the requested information by reviewing SCB's annual and semi-annual reports.

In support of its motion, Crews argues that one of the highly contested issues of fact in this case is whether a Phase I environmental study was a material fact to SCB prior to their purchase of the Project bonds. Crews further argues that it has reviewed the annual and semi-annual reports, but cannot tell whether, for each bond purchase, SCB was provided with a copy or the result of a Phase I Study.

In opposition, SCB argues that the information sought by Crews is publicly available. SCB further argues that Crews could have easily obtained the information on its own, and that the burden of obtaining this information is the same for SCB as it is for Crews. In the alternative, SCB argues that determining whether it was provided information regarding a Phase I environmental study in every assessment or land-secured bond purchased by it in the last eleven years would be unduly

---

[1]Interrogatory Number 23 states, "Please identify all assessment and other land-secured bonds purchased by you since January 1, 2000 including the name of the bonds, the issuer of the bonds, the date the bonds were issued, the placement agent or underwriter of the bonds, the name of the fund that purchases the bonds, the amount of bonds purchased, and the state within which the bonds were issued.

burdensome.

During the telephone hearing, the Court noted that SCB is not absolved of its duty to produce information and documents because they are publicly available - especially where, as here, the documents are reasonably accessible and within SCB's possession. The Court also questioned whether the specific information sought by Crews - information regarding situations where a Phase I study was not performed - is actually available in SCB's annual or semi-annual reports. The Court further concluded that SCB's responses to Interrogatory Number 24 and Request for Production Number 21 were only partially responsive. The Court further concluded that no party is in a better position to produce the requested information and documents than SCB. Accordingly, the Court ordered SCB to fully respond to Interrogatory Number 24 and Request for Production Number 21.

      **B.**      **William "Bill" Oliver's Internal Research Report**

In support of its motion, Crews argues that during his deposition, SCB analyst William "Bill" Oliver, discussed an internal research report in which he entered information about and assessed the Project bonds. Oliver further testified that the original report was updated multiple times. Accordingly, in its third set of discovery requests, Crews requested a copy of the original report and every amended version of the report. Crews contends that SCB agreed to produce the report in Microsoft Excel format with all of the metadata intact, but that the only information it could obtain from the report SCB produced were the dates it was modified. Crews argues that despite its multiple requests for the original report and every amended version of the report, SCB has not produced them.

In opposition, SCB argues that Mr. Oliver's report was continually overwritten with new information, and that SCB did not retain copies of each version of the report. SCB further argues

5

that it did in fact produce the only copy of the report - in its original native format - directly from SCB's hard drive. SCB concedes, however, that the metadata may have been affected when it emailed the report to Crews. Finally, SCB argues that Crews failed to confer with it regarding this alleged discovery dispute, pursuant to Rule 37, and requests the Court grant it attorney's fees.

During the hearing, counsel for SCB informed the Court that after it produced the report to Crews, Crews did not inform it that there was something wrong with the file. SCB further informed the Court that subsequent to its production, its vendor successfully extracted metadata from the report. Counsel for SCB contended that it would have produced the extracted metadata to Crews, had Crews informed it that there was something wrong with the report SCB produced. Counsel for SCB also expressed SCB's willingness to provide the report and metadata to Crews.

During the hearing, counsel for Crews conceded that he was not involved in this particular discovery dispute, and could not confirm that counsel for both parties did in fact discuss the problems with the report produced by SCB.

The Court concluded that the parties had not conferred or attempted to confer regarding this discovery dispute as required by Rule 37(a)(1). Accordingly, the Court denied Crews' request.

### C. Un-redacted Versions of Previously Produced Documents

In support of its motion, Crews argues that SCB produced multiple sets of documents containing redactions, but that much of the redacted information is not protected by the attorney-client privilege and/or the work product doctrine. Crews further argues that despite its attempts to resolve this discovery dispute with SCB, and its agreement to treat such documents as "confidential" pursuant to the parties' protective agreement, SCB has failed to produce un-redacted versions of the documents.

In opposition, SCB argues that it did in fact provide un-redacted versions of documents following the parties' October 11, 2011 conference call. SCB further argues that Crews is now seeking un-redacted copies of documents that include internal communications and/or information related to other bond transactions that are irrelevant to the case. Due to the nature of its business and the volume of data and communications often involved in a security transaction, SCB argues that requiring it to produce hundreds or thousands of pages of information unrelated to the instant Project would be unduly burdensome.

During the hearing, counsel for Crews argued SCB did *not* redact the documents at issue based on attorney-client privilege and/or the work product doctrine. Instead, SCB redacted the documents based on its view that information related to other bond transactions is irrelevant to the instant matter, and thus, should be redacted. Counsel for Crews argued that because mistakes are often made during the redaction progress, and because judgments about what information should be redacted is often skewed, SCB should be ordered to produce un-redacted versions of the documents. Counsel for Crews further contended that such documents would not have to be viewed *in camera* because attorney-client privilege and the work product doctrine are not at issue, and the parties' have already agreed the documents are subject to the parties' protective order.

In response, counsel for SCB argued that at the time some of the documents were redacted, the parties had not yet entered into a protective order. Counsel for SCB further argued that the documents at issue were properly redacted based on relevance.

The Court first noted that a party may not redact information from a document solely based on the party's view that the information is irrelevant. The Court further noted that whether information or a document is relevant is a determination that the Court makes, not the parties; and

further, SCB failed to assert an objection based on relevancy. The Court concluded that the cases cited by SCB in support of its position were not in this jurisdiction, and thus were unpersuasive. The Court further concluded that because SCB did not object to producing the documents on the basis of relevance, it waived this objection, and therefore could not redact information based on relevance. Accordingly, the Court ordered SCB to produce un-redacted versions of the documents at issue to Crews.

**IV.    Conclusion**

Accordingly,

**IT IS ORDERED** that Crews' **Motion to Compel (R. Doc. 238)** is **GRANTED IN PART** and **DENIED IN PART**;

**IT IS FURTHER ORDERED** that Crews' request for reasonable costs, including attorney's fees is **DENIED**;

**IT IS FURTHER ORDERED** that SCB shall fully respond to Interrogatory Number 24 and Request for Production Number 21 **no later than January 23, 2012**;

**IT IS FURTHER ORDERED** that SCB shall produce un-redacted versions of the documents at issue to Crews **no later than January 23, 2012**.

New Orleans, Louisiana, this 12th day of January 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**